[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13896
Non-Argument Calendar
_____

D.C. Docket Nos. 1:18-cv-02186-MLB,
1:19-cv-02469-MLB

VICTOR PERDOMO,

Plaintiff-Appellant,

versus

OSAH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 20, 2020)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Victor Perdomo, proceeding pro se, appeals the district court's sua sponte

dismissal of his complaints in three separate federal lawsuits as frivolous under 28

U.S.C. § 1915(e)(2).  In each suit, Perdomo alleges civil rights violations under 42

U.S.C. § 1983.  On appeal, Perdomo appears to argue that the court erred because

the defendants are not immune from suit and, therefore, his claims were not

frivolous.  After careful review, we affirm.

## I.

Perdomo has a minor child but did not support that child.  As a result, the

State of Georgia ordered him to pay child support.  Perdomo did not appear at a

hearing conducted by the Office of State Administrative Hearings ("OSAH") to set

the amount of child support he was required to pay.  The OSAH court then entered

a default against him and the State began garnishing his wages.  After the

garnishments began, Perdomo requested a hearing to vacate the default.  Yet when

the hearing was held, Perdomo refused to participate.  The State eventually

suspended Perdomo's driver's license to penalize him for not paying child support.

Perdomo filed three lawsuits against private citizens, people and entities that

act on behalf of the State of Georgia (including OSAH), an administrative law

judge, and a special prosecutor.  Perdomo alleged constitutional violations under

42 U.S.C. § 1983 and sought review of OSAH's decision under the Administrative

Procedure Act.  In particular, Perdomo claimed that the defendants "invented a

contrived (derived) name," VICTOR PERDOMO (all capitalized), "which is a

Legal Fiction and different entity."  Because Perdomo was granted in forma

pauperis status in all three cases, the district court conducted a frivolity review for each complaint pursuant to 28 U.S.C. § 1915(e)(2). The district court found all three complaints to be frivolous and dismissed them sua sponte with prejudice.

## II.

We review for abuse of discretion a district judge's decision to dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(e)(2)(B). Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). District courts must dismiss a complaint filed in forma pauperis if at any time the court determines it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is without arguable merit either in law or fact." Napier, 314 F.3d at 531 (quotation marks omitted).

## III.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). A deprivation falls under color of state law if it "resulted from the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible." Scott v. Dixon, 720 F.2d 1542,

3

1545 (11th Cir. 1983) (quotation marks omitted).  Also, "the party charged with the deprivation [must be] a person who may fairly be said to be a state actor either because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state."  Id. (quotation marks omitted and alteration adopted).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999) (quotation marks omitted).

In addition, "federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment."  McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001).  The Eleventh Amendment guarantees that states may not be sued by private persons in federal court unless the state waived its immunity.  See id.  The State of Georgia has not waived its sovereign immunity with respect to actions brought in federal courts.  See O.C.G.A. § 50-21-23(b).

As a rule, judges are absolutely immune from damages in § 1983 suits for actions taken in their judicial capacity.  See Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam).  This is so unless they acted in the "clear absence of all jurisdiction."  See id. (quotation marks omitted).  Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  Id.  Prosecutors are also absolutely immune from liability for

4

all actions taken while performing their function as an advocate for the government. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002). This function includes, for example, preparation for the initiation of judicial proceedings and the filing of charging documents. See Kalina v. Fletcher, 522 U.S. 118, 129, 118 S. Ct. 502, 509 (1997).

Here, the district court did not abuse its discretion in dismissing Perdomo's claims as frivolous. Perdomo sued private citizens and people or entities that act on behalf of the State of Georgia. Perdomo cannot assert constitutional claims against strictly private persons. See Am. Mfrs. Mut., 526 U.S. at 50–51, 119 S. Ct. at 985–86. His claims against the State defendants also fail because those defendants enjoy either sovereign immunity under the Eleventh Amendment, absolute judicial immunity, or absolute prosecutorial immunity. See Rowe, 279 F.3d at 1279; McClendon, 261 F.3d at 1256; Bolin, 225 F.3d at 1239. For these reasons, and even construing Perdomo's pro se complaints liberally, his claims are without merit in law or fact. They were properly dismissed.

**AFFIRMED.**

5